## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIE A. VIGIL,

        Plaintiff,

      vs.                                         No. CIV 00-0111 JC/RLP

PUBLIC SERVICE COMPANY OF NEW MEXICO,
a New Mexico Business Corporation,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came on for consideration of Plaintiff's Motion to Remand and/or Alternatively, to Amend Complaint to Remove References to Collective Bargaining Agreement ("Motion"), filed March 30, 2000 *(Doc. 7)*.  The Court has reviewed the motion, the submissions of the parties, and the relevant authorities.  The Court finds that Plaintiff's Motion is well taken in part, and will be granted in part.

### Factual and Procedural Background

Plaintiff Willie Vigil was employed as a mechanic by Defendant Public Service Company of New Mexico ("PSC") from approximately 1975 to April 1999.  Defendant's apparent reason for terminating Plaintiff stemmed from an accusation that Plaintiff failed to complete work on a company vehicle and falsified an invoice.

Plaintiff filed this lawsuit on December 16, 1999 in the First Judicial District Court of the State of New Mexico, raising four state-based claims.  In Count I, Plaintiff alleges that Defendant wrongfully discharged him in retaliation for complaining about safety conditions in the workplace. Count II claims that Defendant breached its contract with Plaintiff by failing to follow certain practices and policies in its termination of Plaintiff and in discharging Plaintiff without reasonable

cause.  Count III alleges that the investigation into the accusation against Plaintiff was negligently conducted and supervised.  In Count IV, Plaintiff raises a claim of intentional infliction of emotional distress based on Defendant's actions in terminating him.

Defendant removed this suit contending that Plaintiff's claims are based upon the rights established by a collective bargaining agreement ("CBA").  *See* Notice of Removal *(Doc. 1)*.  Plaintiff now moves the Court to remand this suit to the First Judicial District Court or, in the alternative, to permit him to amend his complaint to remove any references to the CBA.

**Discussion**

Plaintiff asserts as one basis for remand that Defendant improvidently removed this suit to federal court.  However, Plaintiff's complaint clearly alleges that Defendant breached the terms of the CBA.[1]  "Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 governs a cause of action for breach of a collective-bargaining agreement."  *Galway v. Smith's Food and Drug Ctr., Inc.*, 72 F.3d 137 (10th Cir. 1995) (unpublished table decision), *available in* 1995 WL 734423 at **1.  Thus, the Court has federal question jurisdiction over that cause of action as well as supplemental jurisdiction over the remaining state claims.

In the alternative, Plaintiff requests leave to amend his complaint to remove all references to the CBA.  However, a state law claim is preempted by § 301 when resolution of the claim depends upon analyzing a labor agreement.  *See Albertson's Inc. v. Carrigan*, 982 F.2d 1478, 1480 (10th Cir. 1993).  Here, the removal of Plaintiff's direct references to the CBA would not obviate the need to interpret the terms of the CBA in order to adjudicate the breach of contract, negligence, and portions of the IIED claims.  Thus, I find that amendment would be futile in this case.

---

[1] Plaintiff alleges in his complaint that "[t]he [CBA] . . . provided that Plaintiff could be discharged only for 'reasonable cause.'" Pl.'s Compl., attached to Notice of Removal *(Doc. 1)* ¶ 8.  Plaintiff also asserts that he "was an intended beneficiary of the [CBA]," and that Defendant breached that contract when it terminated him without cause.  *Id.* ¶ 16.

Plaintiff's breach of contract claim alleges that Defendant failed to follow its "written and unwritten policies . . . for investigating, disciplining and terminating employees." Pl.'s Compl. ¶ 15. Similarly, Plaintiff's negligence claim is based on allegations that Defendant breached a duty to conduct and supervise a reasonable investigation into the accusations against him. Plaintiff contends that these claims are based on rights and duties established separate and apart from those created by the CBA. However, the CBA also establishes methods of employee discipline and termination.[2] Therefore, Plaintiff's contract and negligence claims essentially arise "out of conduct alleged to have occurred during the course of an investigation by [Defendant], and would inevitably require an analysis of what the CBA permitted." *Carrigan*, 982 F.2d 1478, 1482 (10th Cir. 1993) (citation and internal quotations omitted). Consequently, these claims are preempted pursuant to § 301 of the LMRA.

Plaintiff concedes that he is barred from bringing suit based on the CBA because "he has not exhausted his administrative remedies" under that agreement. Pl.'s Mem. in Supp. of Mot., filed March 30, 2000 *(Doc. 8)* at 9. Therefore, any claims preempted under the LMRA are prematurely raised in either state or federal court. The appropriate action under these circumstances is for the Court to dismiss the barred claims without prejudice. Accordingly, Count II and Count III of Plaintiff's complaint will be dismissed without prejudice.

*Wrongful (Retaliatory) Discharge*

In some cases, a state-based wrongful discharge might be preempted by § 301 of the LMRA. In this case, however, Plaintiff's wrongful discharge claim raises distinctly different issues from those raised in his breach of contract and negligence claims. There is no need to analyze the CBA in order

---

[2] The CBA provides that Plaintiff may be discharged only for reasonable cause. Moreover, the CBA applies to disputes involving the application of certain policies, including Defendant's disciplinary policy. *See* Agreement at 15, 93, Ex. 1, attached to PSC's Mem. in Resp. to Pl.'s Mot.

to discern Defendant's motives for terminating Plaintiff or to determine whether Defendant's conduct violated public policy. Thus, if Plaintiff can show that Defendant discharged him in retaliation for reporting safety violations, then proving wrongful discharge under that theory would not require an interpretation of the CBA. *See Carrigan*, 982 F.2d at 1482. Because Plaintiff's retaliatory discharge claim is sufficiently independent of the CBA, it is not preempted by § 301 of the LMRA.

*Intentional Infliction of Emotional Distress (IIED)*

Plaintiff alleges that Defendant's conduct in terminating him was outrageous and caused him severe emotional distress. The outrageousness of Defendant's actions associated with the investigation of Plaintiff or in terminating Plaintiff in accordance with company policy cannot be determined "without [also] determining whether the conduct was allowed under the CBA." *Carrigan*, 982 F.2d at 1482 (quoting *Johnson v. Beatrice Foods Co.*, 921 F.2d 1015, 1020 (10th Cir. 1990) (finding that an IIED claim brought in a discharge context was preempted by § 301)). Thus, insofar as Plaintiff's IIED claim is based on Defendant's actions in conducting its investigation or in adhering to its termination policies, it is likewise preempted by § 301.

However, Plaintiff's IIED claim is not preempted to the extent that it is based on Defendant's conduct associated with retaliatory discharge. Just as the CBA is not required to determine whether Defendant's actions constitute retaliatory discharge, it is likewise unnecessary in determining whether Defendant's associated behavior constitutes outrageous conduct.[3] Therefore, Plaintiff's IIED claim is not preempted to the extent that it is associated with retaliatory discharge.

---

[3] Simply because the same factual disputes may be present in a claim under the LMRA and a state claim will not automatically preempt Plaintiff's state law claim. *See Carrigan*, 982 F.2d at 1482-83 (finding that to hold otherwise would virtually preclude a plaintiff from asserting any state claim where the complaint also states a § 301 claim).

*Remand*

After dismissing Plaintiff's contract and negligence claims, only Plaintiff's wrongful discharge claim and a portion of his IIED claim remain before this Court.  I find that at this stage of litigation, the values of judicial economy, convenience, fairness and comity indicate that these claims properly belong in state court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Therefore, Count I and the associated part of Count IV will be remanded to the First Judicial District Court of the State of New Mexico.

**Conclusion**

Plaintiff's request for leave to amend his complaint will be denied as futile.  Plaintiff's breach of implied contract claim, negligence/negligent supervision claim, and the associated portions of his IIED claim are preempted by § 301 of the LMRA.  Because these claims are prematurely raised, they will be dismissed without prejudice.  Plaintiff's wrongful (retaliatory) discharge claim and its associated IIED claim are not preempted by § 301.  However, the Court declines to exercise supplemental jurisdiction over these claims and they will be remanded to the First Judicial District Court of the State of New Mexico.  The parties shall bear their own costs.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Remand and/or Alternatively, to Amend Complaint to Remove References to Collective Bargaining Agreement ("Motion"), filed March 30, 2000 *(Doc. 7)*, is **granted** in part.

IT IS ORDERED that Plaintiff's request for leave to amend his complaint is denied.

IT IS ORDERED that Plaintiff's Wrongful (Retaliatory) Discharge claim (Count I) and the associated portion of the Intentional Infliction of Emotional Distress claim (Count IV) are remanded to the First Judicial District Court of the State of New Mexico.

IT IS ORDERED that Plaintiff's Breach of Implied Contract claim (Count II), Negligence/ Negligent Supervision claim (Count III), and the associated portions of the Intentional Infliction of Emotional Distress claim (Count IV) are dismissed without prejudice.

DATED this 13th day of June, 2000.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Linda G. Hemphill
    Annie-Laurie Coogan
    Santa Fe, New Mexico

Counsel for Defendant:

    Robert C. Conklin
    Jacqueline M. Woodcock
    Keleher & McLeod, P.A.
    Albuquerque, New Mexico